**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3749-23

HERMEL VALENCIA,

     Plaintiff-Respondent,

v.

CHRISTOPHER CURI,

     Defendant,

and

PRICSILA L. ARACIL SANJINES,[1]

     Defendant-Appellant.

_____

Submitted November 5, 2025 – Decided November 17, 2025

Before Judges Gooden Brown and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. SC-000604-23.

Pricsila L. Aracil Sanjines, appellant pro se.

---

[1] Incorrectly pled as Priscilla L. Aracilsanjines.

Respondent has not filed a brief.

PER CURIAM

Self-represented defendant Pricsila L. Aracil Sanjines appeals from a June 27, 2024 Special Civil Part, Small Claims judgment for $3,731.87 in favor of plaintiff Hermel Valencia. Because defendant failed to provide essential portions of the trial court record pursuant to Rule 2:6-1(a)(1)(I), we affirm.

According to the limited record provided on appeal, on May 20, 2023, defendant was involved in a motor vehicle accident in Kearny. At the time of the accident, defendant was driving a Ford Explorer, leased by her then boyfriend, defendant Christopher Curi, from plaintiff's cab company, HV Cab, LLC.

In November 2023, plaintiff filed a complaint against defendant in small claims court in the Hudson Vicinage. In the form complaint, plaintiff checked the box indicating his action sounded in "contract" and alleged: defendant "unlawfully drove [his] vehicle by permission of . . . Curi, [his] driver at the time"; "Curi was the only driver authorized to operate said vehicle"; and defendant "caused an accident for which [plaintiff] incurred a total of $4,242[] in vehicle damages and filing fees."

A-3749-23

The following month, the Hudson Vicinage small claims court dismissed the complaint without prejudice. In a December 8, 2023 memorializing order, the court stated the complaint was dismissed "for reasons set forth on the record, including improper[ly] named plaintiff and a separate complaint having been filed and pending for the same cause of action in another jurisdiction."

On a date not disclosed in the record, plaintiff apparently filed the present "contract" complaint against Curi in the Passaic Vicinage small claims court. On another undisclosed date, plaintiff apparently amended the complaint to add his limited liability company.

In January 2024, the Passaic Vicinage small claims court granted plaintiff's motion to amend the complaint to add defendant as a party. In a January 12, 2024 order, the court set forth its reasons for granting the motion pursuant to Rule 1:7-4(a). In her appellate appendix, defendant only provided the first page of the January 12 order and, as such, the statement of reasons was cut off mid-sentence.

Trial was held on June 27, 2024. Both parties were self-represented. At the outset, the court summarized plaintiff's cause of action as "a claim for damages to a motor vehicle in the amount of $4,200." Addressing plaintiff, the court continued, "Evidently, from reading your papers, sir, you indicated that

you gave permission to . . . Curi to drive your car, but that that permission only extended to him and no one else." The court noted plaintiff further alleged "[Curi] allowed . . . defendant . . . to drive the vehicle."

The court then questioned both parties, neither of whom called any witnesses. Plaintiff established he owned a cab company and "Curi was one of [his] drivers." Plaintiff also submitted five documents for the court's consideration: (1) the lease agreement between plaintiff and Curi; (2) the police report of the accident; (3) the other driver's unspecified insurance document; (4) an invoice from a repair shop for $3,731.87; and (5) an unspecified number of photographs depicting the damage to plaintiff's vehicle. Although the documents were not formally moved into evidence, they were marked for identification and considered by the court in rendering its decision. Only the police report is included in defendant's appellate appendix.

Defendant testified she drove plaintiff's vehicle on the day of the accident with Curi's authorization. She claimed she drove the car because Curi had sustained head injuries the previous week in another accident. She further stated "[t]he accident happened without [her] knowing that [Curi] had a . . . lease with a person."

A-3749-23

As to damages, plaintiff testified he paid $3,731.87 for repairs to his vehicle for damage caused in the collision. He also sought $500 for time lost while the car was under repair, but acknowledged he lacked proof for that loss. Plaintiff stated he only had liability insurance on the car.

The court found in plaintiff's favor. In doing so, the court credited plaintiff's testimony, cited his exhibits, and noted "defendant's admission to the accident."

For the first time on appeal, defendant raises the following arguments for our consideration:

> I. [DEFENDANT] HAS NO CONTRACTUAL LIABILITY FOR THE RENTED VEHICLE.
> (Not Raised Below)
>
> II. THE TRIAL COURT VIOLATED [DEFENDANT]'S DUE PROCESS RIGHTS BY ENTERING JUDGMENT IN THE ABSENCE OF HER CO-DEFENDANT.
> (Not Raised Below)
>
> III. PLAINTIFF ENGAGED IN IMPROPER DIVISION OF THE COMPLAINT.
> (Not Raised Below)
>
> IV. [DEFENDANT]'S VOLUNTARY PAYMENT DOES NOT CONSTITUTE AN ADMISSION OF LIABILITY.
> (Not Raised Below)

5

Our standard of review following a bench trial is well settled. We will not set aside the trial court's findings of fact "unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974) (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)).

Our deference to the trial court's factual findings "is especially appropriate 'when the evidence is largely testimonial and involves questions of credibility.'" Cesare v. Cesare, 154 N.J. 394, 412 (1998) (quoting In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997)). "Because a trial court hears the case, sees and observes the witnesses, and hears them testify, it has a better perspective than a reviewing court in evaluating the veracity of the witnesses." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (quoting Cesare, 154 N.J. at 412).

However, the "trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference" and, as such, are subject to our de novo review. Mountain Hill, LLC v. Twp. Comm. of Middletown, 403 N.J. Super. 146, 193 (App. Div. 2008)

6

(quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Ordinarily, we would apply these guiding standards to the order under review. Here, however, defendant failed to provide this court with those parts of the trial court record "essential to the proper consideration of the issues." R. 2:6-1(a)(1)(I); see also Soc'y Hill Condo. Ass'n, Inc. v. Soc'y Hill Assocs., 347 N.J. Super. 163, 177 (App. Div. 2002).

Defendant's appendix should have included complete copies of the present complaint and all documentary evidence considered by the trial court, including the lease agreement at issue in this contract action. Without these documents, we simply cannot perform our appellate function. Accordingly, on the limited record provided on appeal, we cannot conclude the court erred, particularly here, where defendant asserts newly-minted arguments. Thus, "[w]ithout the necessary documents . . . . we have no alternative but to affirm." See Soc'y Hill, 347 N.J. Super. at 177-78.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

A-3749-23